**FOWLER v. SMALL. (No. 6799.)**

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922. Rehearing Denied Nov. 22, 1922.)

**1. Appeal and error ⊜⇒301—Assignments without basis in motion for new-trial not considered.**

Assignments of error without basis in the motion for new trial will not be considered (Rev. St. art. 1612; Rule for District and County Courts, No. 101a).

**2. Courts ⊜⇒121(9)—Petition demanding actual and exemplary damages for fraudulent representations held sufficient to give district court jurisdiction.**

A petition alleging procurement of a written contract to purchase land from defendant and a corporation controlled by him by fraudulent representations, and seeking rescission, $450 actual damages with 6 per cent. interest, and $1,000 exemplary damages, *held* sufficient to give the district court jurisdiction.

**3. Courts ⊜⇒35—Every presumption indulged in favor of jurisdiction when shown by allegations of petition.**

When the allegations of the petition show jurisdiction, every presumption will be indulged in favor of jurisdiction.

**4. Pleading ⊜⇒104(1)—That fraudulent allegations were made to obtain jurisdiction must be pleaded by defendant.**

Defendant, deeming that fraud on the court's jurisdiction is being attempted by fraudulent allegations made to obtain jurisdiction, should plead such fact and have a trial of the issue in the trial court.

**5. Courts ⊜⇒30—That court may have ignored all except claim for $450 actual damages in action for $1,000 exemplary damages also does not affect jurisdiction.**

That the district court, in an action for $450 actual damages and $1,000 exemplary damages for fraudulent representations inducing the execution of a contract to buy land, may have ignored all except the claim for $450, does not affect its jurisdiction.

**6. Corporations ⊜⇒306—President controlling corporation held liable for money paid on lots sold by him for which deed was refused because of failure of other buyers to pay for lots.**

The president of a corporation controlled by him *held* liable for money paid on the purchase price of lots sold under a contract signed by him as president, and not refunded on his refusal to make a deed, because not all of various buyers of lots had paid therefor, where no such condition was made known to the purchaser when he bought, though the money was paid on a promise to execute a deed in the future; the doctrine of future promises being inapplicable when money is fraudulently obtained by means of a promise to perform a certain act.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by W. Y. Small against C. S. Fowler and others. From a judgment for plaintiff against the named defendant and another, he appeals. Affirmed.

Arnold & Cozby, of San Antonio, for appellant.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee.

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

FLY, C. J. This is a suit instituted by appellee against Fowler Bros. Land Company, a private corporation, and C. S. Fowler and J. G. Fowler, to recover the sum of $450 with 6 per cent. interest, as actual damages, and $1,000 exemplary damages. The death of J. G. Fowler was suggested, and he was dismissed from the cause, and no jury having been demanded the court rendered judgment against Fowler Bros. Land Company and C. S. Fowler, individually, jointly, and severally, for the sum of $650.28, with 6 per cent. interest thereon from date of judgment and all costs of suit. C. S. Fowler alone appealed to this court.

[1] Appellant filed a motion for a new trial which was overruled on December 3, 1921, the day of the final adjournment of the term of the court. On March 6, 1922, appellant filed what are denominated "Deft.'s additional assignments of error," in which it is stated that they were filed "in addition to the seven assignments of error which are set out in this defendant's first amended motion for a new trial, and which said assignments of error so set out in said amended motion for new trial shall constitute the defendant's first, second, third, fourth, fifth, sixth and seventh assignments of error, and the following additional assignments of error shall constitute this defendant's eighth and ninth assignments of error." The additional assignments of error have no basis in the motion for new trial. They will not be considered. Article 1612, Rev. Stats.; Rule for District and County Courts, No. 101a.

[2-5] It was alleged in the petition, in addition to the claim for damages, that a written contract for the purchase of land from appellant and his corporation had been executed between the parties, that the contract was procured by fraudulent representations, and a rescission of the contract was sought. The allegations clearly gave the district court jurisdiction. There is a suggestion in the brief that the allegations were fraudulently made to obtain jurisdiction. No such issue was raised by the answer of appellant on the trial court. Appellant suggests that if the allegations of the plaintiff's petition alone are to be looked to in determining jurisdiction, then the district court in this case had jurisdiction. Why should the petition not be looked to to ascertain jurisdiction? It is a well-established principle that when the allegations show jurisdiction, every presumption will be indulged in favor of jurisdiction. Where a defendant deems that fraud on the jurisdiction of the district court was being attempted by the plaintiff, he should plead it and have a trial of that issue in the trial court. Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58, 17 S. W. 263; Roper v. Brady, 80 Tex. 588, 16 S. W. 434. The fact that the court may have ignored everything except the claim for $450 could not affect jurisdiction.

[6] The evidence clearly showed that the corporation was an instrument in the hands of the two Fowlers and they alone were responsible for its acts. Appellant maneuvered the contract, and while he signed the contract as president, it was his contract, and the breach of the contract, while nominally that of the corporation, was indeed and in truth the breach of appellant. That there was a breach it is not denied, but the effort is to shelter the individuals, who got the money and induced the contract and then breached it behind an insolvent corporation. C. S. Fowler was shown to have made the representations as to the land to the representatives of appellee, and he had full authority over the affairs of the corporation. Fowler in his testimony admitted the concealment of facts in regard to the land, which amounted in law to a fraud against prospective buyers. The individuals became liable for the fraud perpetrated through and by them in the name of an insolvent corporation, controlled by them. Seale v. Baker, 70 Tex. 283, 7 S. W. 742, 8 Am. St. Rep. 592; Giddings v. Baker, 80 Tex. 308, 16 S. W. 33; Kinkler v. Junica, 84 Tex. 116, 19 S. W. 359. The Seale Case is a leading one and has been cited with approval in a number of states.

The land sold by appellant to appellee was part of a tract which had been divided into lots and which he paid for, but a deed was refused him and his money not refunded because all of various buyers did not pay for their lots. No such condition was made known to appellee when he bought. This was admitted in his testimony by appellant. He said, when asked if it was not a fact that appellee did not get a deed to the lot bought by him because others had not paid:

"Well, he has not got his land. The records show he paid his money, and I think the records show that he has not gotten his money back."

No information was given appellee that he would not get land or money if any purchaser failed to pay for his lot, and nothing of that sort was put in the written contract. Appellant knew that the plan adopted would in all probability take the money of a large majority of numerous purchasers and give them nothing for it because it was almost certain that one or more of the purchasers would default in his payments. It was a fine scheme for the promoters, but hard on the innocent purchasers. If a case could arise where the officers of an insolvent corporation could be held on fraudulent operations of the corporation, the facts disclose just such a case. No matter what may have prevented a consummation of the sale, appellant should have returned the money for which he and his corporation had given nothing. C. S. Fowler was asked the following question:

"And during the life of the contract, although you received the money from Mr. Small

and his six associates, you never at any time tendered to the owners of the land any money for the release of a single foot of the section which they were buying, did you, or the quarter section?"

To this he answered: "I should say no." He knew all about the affairs of the insolvent corporation, and in fact governed and controlled it. It was the corporation of him and his brother.

There is no force or merit in the proposition that appellant cannot be compelled to return money that he got for nothing, because the money was paid on a promise to execute a deed to land in the future. The doctrine of future promises has no applicability to this case. There is no decision which holds that when money is fraudulently obtained by means of a promise to perform a certain act, it cannot be recovered because it was obtained by a promise to perform a ·certain act after the money was paid. Such a position would create a perfect travesty on justice.

There is no merit in this appeal, and the judgment is affirmed.