# EL JARDIN IMMIGRATION CO. et al. v. KARLAN et ux. (No. 6800.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 1, 1922. Rehearing Denied Dec. 13, 1922.)

**I. Fraud ⬖3 — "Actionable fraud," within statute, defined.**

Under Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, defining actionable fraud with respect to real estate transactions, as a "false representation of any past or existing material fact, or false promise in the future, which is made as a material inducement to another party to enter into a contract, and but for which promise said party would not have entered into said contract," the false representation or promise must have been made with knowledge of its falsity, or without knowl-

edge as to whether it is true or false, and must have induced another person, acting with reasonable prudence, to rely on it to his pecuniary injury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

**2. Fraud ⬖12—False promise actionable under statute.**

In purchaser's action against vendor for fraud, under Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, defining actionable fraud as a false promise to do some act in the future made as a material inducement to another party to enter into a contract, it must be alleged and shown that the promise was made with the fraudulent intent on the part of the vendor not to perform.

**3. Fraud ⬖12—Pointing out one tract and conveying another held actionable fraud.**

The mere fact that vendor's agent showed purchaser one tract of land as the land he was selling him, and conveyed another tract, did not entitle purchaser, who went into possession of land actually conveyed and made valuable improvements thereon, to recover for fraud under Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, defining "actionable fraud" as a false and fraudulent representation of a past or existing material fact, or false promise to do some act in the future, made as a material inducement to another party to enter into a contract, and but for such promise such party would not have entered into such contract, in absence of showing that vendor's agent made promises to purchaser with intent to defraud and deceive him.

**4. Fraud ⬖31—Remedy under general laws and rules of equitable jurisprudence available.**

The mere fact that purchaser could not recover for fraud of vendor, under Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, defining actionable fraud, did not prevent a recovery under the general laws and rules of equitable jurisprudence against the actual perpetrators of the alleged fraud.

**5. Trusts ⬖232—Trustee, who did not participate in or benefit by fraud, not personally liable therefor.**

A trustee, who did not participate in or receive any benefit from fraud inducing sale of land, was not personally liable for the fraud.

**6. Fraud ⬖30—Holder of purchase money notes not liable.**

Holder of purchase-money notes, constituting a lien on certain land, who did not participate in or profit by fraud inducing the sale of the land, was not personally liable therefor.

**7. Fraud ⬖31—Defrauded party may rescind or sue for damages.**

A defrauded party, in a case of a fraudulent sale of land, has his remedy to move to rescind, or to stand on his right to sue for damages, but he must act promptly.

---

⬖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Contracts ☞266(2)—Defrauded party, to rescind, must disaffirm on discovery of fraud and offer to return the consideration.**

Generally a defrauded party, in order to rescind, must disaffirm the contract on the discovery of the fraud, and return or offer to return what he has received from the other party.

**9. Vendor and purchaser ☞117—Defrauded purchaser, to rescind, need not tender back property as condition precedent to suit.**

A defrauded purchaser, in order to rescind contract solely on the ground of fraud, need not tender back the property as a condition precedent to his suit.

**10. Fraud ☞31—Failure to promptly rescind does not affect right of action.**

Defrauded purchaser's failure to promptly move to rescind contract does not affect his alternative right to proceed with the common-law remedy for the alleged fraud committed.

**11. Vendor and purchaser ☞337—Rights of purchaser, to whom vendor's agent fraudulently conveyed one tract of land after pointing out another, stated.**

Where vendor's agent fraudulently. pointed out one tract of land as the tract the vendor was selling, and thereafter conveyed a different tract, purchaser, who took possession and made improvements on the tract actually conveyed, was entitled to the land he bargained for, and to the actual and consequent damages resulting from the fraud, and to an equitable lien on the land improved to secure a return of the money paid, superior to any note outstanding against him executed for the purchase price of the land.

Appeal from District Court, Cameron County; W. B. Hopkins, Judge.

Suit by David Karlan and wife against the El Jardin Immigration Company and others. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Wm. S. West, Rentfro & Cole, A. K. Black, and Canales, Davenport & West, all of Brownsville, for appellants.

Graham, Jones, Williams & Ransome, of Brownsville, for appellees.

COBBS, J. This suit was brought by David Karlan and Jessie Karlan, husband and wife, against appellants, El Jardin Immigration Company and James-Dickinson Farm Mortgage Company, both Missouri corporations, and C. F. Thomas and two other parties, not parties to this appeal. The petition sought—

"the cancellation of the contract of sale, alleging the value of the improvements placed by them on the land as $3,065 and the cost of appellees' removal from Colorado to Texas at $800, and asked that a lien be created against the tract of land in question to secure the repayment to them of the purchase money paid, value of improvements, and the cost of their removal from Colorado to Texas. In the alternative they prayed for $20,000 damages for fraud and deceit."

Appellant, El Jardin Immigration Company, answered by general demurrer and general denial. The latter company further pleaded that appellees with full knowledge of the facts waived the alleged fraud and ratified the contract sought to be rescinded; that when appellees purchased the land through S. H. George, the agent, who it is alleged made the fraudulent representations, acted as appellees' agent, and not as the agent of El Jardin Immigration Company.

The case was tried without a jury, and the judgment decreed a cancellation of a deed by appellant C. F. Thomas, conveying the land in question to appellees, and the series of second vendor's lien notes executed by appellees in favor of appellant James-Dickinson Farm Mortgage Company, relieving appellees of liability on the five vendor's lien notes, and rendered a joint and several moneyed judgment in favor of appellees against appellants, C. F. Thomas, El Jardin Immigration Company, and James-Dickinson Farm Mortgage Company, for $10,497.

Appellants' first proposition is:

"The provisions of chapter 43, General Laws 36th Legislature (1919), apply only to actions for damages for fraud, and not to equitable actions for rescission and cancellation, and in the latter character of action the parties can only be required to restore what they received as a result of the fraud that vitiates the transaction, or that of which they deprived the opposition party by their own wrongful conduct or that of their agents."

The actionable fraud law act, described in appellants' proposition, is embraced in Vernon's Texas Civil and Criminal Statutes of 1922 Supplement, as articles 3973a, 3973b, and 3973c. It consists—

"of either a false representation of a past or existing material fact or false promise to do some act in the future, which is made as a material inducement to another party to enter into a contract and but for which promise said party would not have entered into said contract, the burden shall be on the party making to show that it was made in good faith but was prevented from complying therewith by the act of God, the public enemy, or by some equitable reason."

We can scarcely see how this act can be invoked in this case for any purpose. There was no fact proven to show a "false representation of any past or existing material fact, or false promise in the future." If so, and it has pertinence in this case, the appellants would be totally denied any defense, because they were not "prevented from complying therewith by the act of God, the public enemy, or by some equitable reason."

[1] Actionable fraud exists in respect to a fraudulent representation of a material fact,

knowing it to be false, or when the person making it does not know whether it be true or false, inducing another to rely upon it to his pecuniary injury, when such person acting with reasonable prudence is thereby deceived and induced to do so or refrain to his damage. Wortman v. Young (Tex. Civ. App.) 221 S. W. 660; Ferrell v. Millican (Tex. Civ. App.) 156 S. W. 230; Richmond v. Hog Creek Oil Co. (Tex. Civ. App.) 229 S. W. 563.

[2] In such suits to recover on the fraud of the seller, it must be alleged and shown that it was made with the fraudulent intent on the part of the seller not to perform when made. M. T. Jones Lumber Co. v. Villegas, 8 Tex. Civ. App. 669, 28 S. W. 558; Mid-Continent Life Insurance Co. v. Pendleton (Tex. Civ. App.) 202 S. W. 769; Mitchell v. Zimmerman, 4 Tex. 75, 51 Am. Dec. 717; Smith v. Smith (Tex. Civ. App.) 213 S. W. 273; Taylor v. First State Bank of Hawley (Tex. Civ. App.) 178 S. W. 35; Handy v. Roberts (Tex. Civ. App.) 165 S. W. 37; Rumely Products Co. v. Moss (Tex. Civ. App.) 175 S. W. 1084. The last section of the statute on actionable fraud, article 3973c, supra, gives the right of action for the false representation or promise against all persons deriving the benefit of said fraud, and they are made jointly and severally liable for knowingly taking benefit of the fraud. Prior to this statute, the liability for such fraud is as expressed in Foix v. Moeller (Tex. Civ. App.) 159 S. W. 1048, and many other cases. But in construing the statute all of its provisions must be harmonized. What past existing material facts or false promises to do something in the future as a material inducement to appellees to enter in any contract were made, and by whom made, is not apparent.

[3] The facts presented here, seeking to bring the case within the purview of the statute, were that George, the agent, showed one tract of land to appellee as the land he was selling him, and conveyed to him another, which appellee went in possession of and made valuable improvements on. It is not shown what the difference in the relative values or its irrigation possibilities was. What was the damage done to and suffered by appellee by reason thereof? It is not apparent that there were any promises to perform a future act, the inducement of the contract, or when George, the agent, made the promises he did not intend to perform, and made them to defraud and deceive. Lott Town & Improvement Co. v. Harper (Tex. Civ. App.) 204 S. W. 452; Commonwealth Bonding & Casualty Ins. Co. v. Barrington (Tex. Civ. App.) 180 S. W. 936; Burchill v. Hermsmeyer (Tex. Civ. App.) 212 S. W. 767.

[4] The facts in this case do not establish the right to recover herein under any possible construction of the statute named, against all the appellees, but that does not prevent a recovery under the general laws and rules of equitable jurisprudence against the actual perpetrators of the alleged fraud.

[5] The facts show that C. F. Thomas was a mere trustee, holding the land for the benefit of a corporation, not a party to this suit, and there is no evidence that C. F. Thomas participated in or received any part of the benefits or consideration by appellees to El Jardin Immigration Company between El Jardin Immigration Company and its agent, S. H. George, and appellees. S. H. George acted solely as the agent of appellant Immigration Company, not the agent of C. F. Thomas, or James-Dickinson Farm Mortgage Company. Thomas received no benefit from the purchase of lot 7. It does not matter whether the purchase was induced by fraud, or otherwise by the acts of the agent, S. H. George. Appellants cannot, under the facts of this case, recover a personal judgment against C. F. Thomas.

[6] James-Dickinson Farm Mortgage Company had no interest in the sale of the land, other than that it loaned money to the Texas corporation of the same name, to be used in the purchase of this land and other Texas lands. It was a proper party to the suit in the adjustment of equities because it held purchase money and notes secured upon the land. It was not shown to be a party to the fraud, or that it received any part of the consideration therefor; but we are not overlooking the fact it loaned the money to purchase the land and acquired the notes. There could be no personal judgment against it, because it was not shown that it participated in the alleged fraudulent sale or received benefits therefrom. C. S. Fowler v. W. Y. Small, 244 S. W. 1096, just decided by this court.

This statute in respect to the right of recovery in favor of one defrauded against "all persons deriving the benefit of said fraud," whether they participated therein or had knowledge thereof provides a severe rule of evidence. It provides, if "it should be presumed that it was falsely and fraudulently made, the burden shall be on the party making it to show that it was made in good faith but was prevented from complying therewith by the act of. God," etc. The long-established rule that fraud must not only be alleged, but must be proven as alleged, is changed by this statute somewhat. Here it puts the burden on the alleged fraudulent party to overcome the presumption of fraud on his part, that it was not made in good faith, and then he must further show that he was "prevented from complying by the act of God, the public enemy, or by some equitable reason." We shall give no construction to that statute that will subject an innocent person to a personal liability for the fraud committed by the agents of another, in which he was neither a participant nor beneficiary in the fraud.

In this case, the title to the land was in

Harbert Davenport at the date of the transaction between Karlen and El Jardin Immigration Company. James-Dickinson Farm Mortgage Company of Texas, not a party to this suit, had a contract with Davenport in which it could require him to convey any particular tract of land in question upon executing and delivering to him vendor's lien notes. Lone Star Immigration Company had likewise contracted with James-Dickinson Farm Mortgage Company of Texas to purchase the land at a fixed price, and entitled to compel C. F. Thomas, trustee, to make conveyances upon certain conditions. El Jardin Immigration Company had a similar contract with Lone Star Immigration Company, requiring the latter company to deliver title to any tract of the land to El Jardin Immigration Company, or its vendees, upon the payment of the fixed price in money and notes. The profits accruing to James-Dickinson Farm Mortgage Company of Texas and Lone Star Immigration Company were fixed by the contract, and did not depend upon any price for which the El Jardin Immigration Company sold the lands. It is not perceived how, under the contracts and relation of the parties to each other, there could be any benefit to be derived from the alleged fraud of El Jardin Immigration Company, or its agent, S. H. George, except perhaps to said company. There were to be no profits until that company bought the land, and it was not bound to purchase until it had contracted to sell it. There is no fact in the record that C. F. Thomas and James-Dickinson Farm Mortgage Company of Missouri participated in any alleged fraud of El Jardin Immigration Company or its agents in selling the land.

[7] In view of the disposition we shall make of this case, we will not pass upon the sufficiency of the evidence under appellee's plea for rescission of the contract. That is a jury question. The El Jardin Immigration Company expressly pleaded facts going to show a waiver of appellee's right for a rescission and cancellation, and their right to that remedy by an election to retain the land. No principle of equitable preponderance is better established than that the defrauded party in a case of fraudulent sale has his remedy to move to rescind or to stand on his right to sue for damages, but he must act promptly.

[8] The general rule is that the defrauded party must quickly disaffirm the contract upon the discovery of fraud, and return or offer to return what he has received from the other party. Hallwood Cash Reg. Co. v. Berry, 35 Tex. Civ. App. 554, 80 S. W. 857; Minter v. Hawkins, 54 Tex. Civ. App. 228, 117 S. W. 172; Alexander v. Walker (Tex. Civ. App.) 239 S. W. 313. See, also, the case of Scott et al. v. Lott, 247 S. W. ——, decided at this term of this court.

[9-11] We are very much in doubt as to whether, under the facts proven, appellee showed that he was in any position to enforce specific performance in accordance with the rules laid down in the authorities, but for the rescission of a contract solely on the ground of fraud the buyer need not tender back the property as a condition precedent to his suit. Alexander v. Walker, supra. But such failure to promptly move to rescind in no wise affects his alternative right to proceed with the common-law remedy for the alleged fraud committed in selling and pointing out to appellant one tract of land, and conveying another entirely different and differently situated tract of land. The purchaser was entitled to the land he bargained for, and the actual and consequent damages resulting from the fraud of the seller. The appellee undoubtedly had an equitable lien upon the land and improvements made by him thereon, though fraudulently sold to him, to secure a return of the money paid and superior to any note outstanding against him executed for the purchase money of the land. Hough v. Fink (Tex. Civ. App.) 141 S. W. 149.

As this cause will be sent back for another trial, we refrain from a further discussion of the facts, pleadings, or parties, or want of parties, as nothing herein will prevent recasting the pleadings.

For the reasons given, we believe the trial court erred in the judgment rendered, and the judgment is here reversed, and the cause remanded for a new trial.