## FRYAR v. FORREST.

No. 11033.

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1941.

Lester Whipple and Tabor Stone, both of San Antonio, and Wm. H. Shireman, of Corpus Christi, for appellant.

Leonard Brown and J. I. Kercheville, both of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Iona Mary Fryar against John P. Forrest, seeking to recover damages resulting to her as a result of alleged fraud perpetrated upon her by Forrest in an exchange of real properties.

The trial began to a jury, but the jury was peremptorily instructed to return a verdict for the defendant. Judgment was rendered in keeping with this verdict, and Iona Mary Fryar has prosecuted this appeal from such judgment.

We are of the opinion that the trial court properly directed a verdict for the defendant below. The evidence shows that Mrs. Fryar exchanged a piece of property which she owned, situated on Ware Avenue, for a piece of property on Somerset Road, owned by Forrest. Mrs. Fryar executed a note to Forrest in the sum of $1,050, payable in monthly installments of $10.50 each. Mrs. Fryar moved into the property on Somerset Road and made several installment payments. Six months after the original trade, the parties entered into another agreement whereby Mrs. Fryar con-veyed the Somerset property to R. L. Forrest and was relieved from her obligation on the $1,050 note. She was permitted to stay on the property as a tenant and was to pay rent in the sum of $8 per month. She paid several months rent and then defaulted. Forrest demanded possession of the premises, which she gave to him by moving away from the premises. Afterwards this suit was instituted seeking damages for fraud in the first transaction.

Mrs. Fryar alleged that the first deal was induced by fraudulent representations made to her by John P. Forrest, with reference to the condition and value of his property. She discovered the falsity of these representations almost immediately after she moved into the Somerset property, but, notwithstanding this discovery, she made a second deal whereby she conveyed the property, at John P. Forrest's suggestion, to R. L. Forrest, was released from her obligation on the note and permitted to retain possession of the premises by paying $8.00 per month rent. By entering into the second transaction with Forrest, after the discovery of the alleged fraud which had been perpetrated upon her, she waived her claim for damages resulting to her from such original fraud. Santa Ana Citrus Groves, Inc., v. First Nat. Bank, Tex.Civ.App., 149 S.W.2d 310; Braxton v. Haney, Tex.Civ.App., 82 S.W. 2d 984.

Another reason why the trial judge properly directed a verdict for the defendant, John P. Forrest, is that there is no evidence to show what the Somerset Road property would have been worth had it been as represented. The amount of damages resulting from the alleged fraud could not have been properly ascertained in the absence of this proof. Art. 4004, Vernon's Texas Civil Statutes; Sibley v. Southland Life Ins. Co., Tex.Sup., 36 S.W.2d 145; Reed v. Hester, Tex.Com.App., 44 S.W.2d 1107; Sackville v. Garrett, Tex.Civ.App., 53 S.W.2d 104; Rahl v. Compton, Tex. Civ.App., 112 S.W.2d 509; 20 Tex.Jur. § 136, p. 195.

The judgment is affirmed.