### RAWDON v. GARVIE.

#### No. 14159.

Court of Civil Appeals of Texas. Dallas.

Jan. 13, 1950.

Rehearing Denied Feb. 10, 1950.

Esir Tobolowsky and E. D. Hurt, of Dallas, for appellant.

J. A. Blakeley and Marvin Jones, of Dallas, for appellee.

BOND, Chief Justice.

On August 4, 1947 appellee and appellant entered into a written contract in which appellant (designated as seller) agreed to sell to appellee (designated as purchaser) a certain described lot or tract of land situated in Forest Meade Addition to the City of Dallas, recited in the contract as Lot 5 in Block A, of said Addition, for the sum of $7,500 payable $1,000 cash (of which the purchaser deposited with the seller's agent $200 as part payment), and the execution of a note payable to the seller in the sum of $6,500 payable $61.70 per month, and to be secured by vendor's and deed of trust liens against the property. The deed to the property was to be delivered to the buyer within a reasonable time on title policy security. On September 26, 1947 appellant, as vendor, executed and delivered to appellee a warranty deed in accordance with a subsequent oral contract, as shall be hereinafter referred to, with minor changes in the contractual consideration,—to the effect that the note of $6,- 500 payable to the seller was changed to a $5,000 note payable to Rio Grande National Life Insurance Company in monthly installments of $53.10, and a $1,500 note to the grantor (seller) payable in monthly in-

stallments of $15; and the property was therein designated as Lot 6 in Block A, of said addition. There is no dispute that the designated description of the Lot in the contract of August 4, 1947 was intended by the parties to be Lot No. 6 instead of Lot No. 5. At the time the contracts and deed were executed, appellant was in course of constructing a residence of certain agreeable contractual design or plan on the property, and, when completed, appellee was to move onto the premises and pay the installments on the notes as they became due.

Appellee, as plaintiff in the court below, instituted this suit against appellant: First, for damages, actual and exemplary, under the provisions of Art. 4004, R.S., for false representations by the defendant of alleged material nature, as inducement to him to enter into the written contract of August 4, 1947, and but for which false representations he would not have entered into said contract; in that, the "defendant orally represented to plaintiff that said lot did not flood and, impliedly, warranted that said property was suitable for the purposes for which it was purchased, to wit, a residential dwelling, which representations, as said defendant then and there well knew, were false and were made by said defendant willfully and for the purpose of defrauding plaintiff, when in truth and in fact defendant then and there well knew the property flooded, improperly drained, and consequently unfit for residential purposes; that plaintiff relied upon said representations, that said representations were material, and in the absence of said representations plaintiff would not have entered into said contract." Second, plaintiff further alleged "that thereafter, on the 15th day of September A.D. 1947 (date changed by trial amendment to August 27, 1947), flood waters rose and stood on said lot and in said house; that on the 16th day of September A.D. 1947 (date also changed by trial amendment to August 28, 1947) defendant, in consideration of plaintiff's not rescinding said contract and/or suing for its cancellation by reason of said fraudulent representations by defendant, promised, contracted and agreed with plaintiff to im-

mediately repair any damage to said house caused by said water, and further promised and contracted to construct drains and do such work as was necessary to prevent the recurrence of water standing on said lot and in said house, and expressly promised, contracted and agreed to begin said work immediately and that said work would be performed prior to any rain or rains which could or might cause the recurrence of said condition, and that such work would be performed in such manner that plaintiff's house and lot would not flood and surface water would not stand on said lot or in said house. * * * That on the 29th day of September A.D. 1947, in accordance with said contract of sale and in reliance upon the promises, the contract entered into on the 16th day of September A.D. 1947 (changed to August 28, 1947) and the representations of defendant in regard to surface water as heretofore alleged, plaintiff paid defendant Eight Hundred ($800.00) Dollars in cash and executed notes in the principal amount of Sixty-five Hundred ($6,500.00) Dollars; in this regard plaintiff says that one note in the principal amount of ($5,000) Five Thousand Dollars was made payable to the Rio Grande National Life Insurance Company and one note in the principal amount of Fifteen Hundred ($1500.00) Dollars was made payable to the defendant; that defendant executed his warranty deed to said property to plaintiff; * * *. In connection with the payment of said cash payment and the execution of said notes and deeds of trust, plaintiff says that he relied on the promises of the defendant in regard to the surface water as heretofore alleged, that said promise was a material inducement to plaintiff to pay said money and execute said notes and deeds of trust and but for which promise plaintiff would not have paid said money and executed said notes and deeds of trust; that said promise of defendant thus made has not been complied with and that more than a reasonable time has elapsed in which said promise could have been performed; * * * Plaintiff would show that as a direct and proximate result of the breach of said contract entered into on the 16th day of September (changed to August 28) A.D. 1947, that the

improvements on said house have become worthless and that had defendant carried out said contract said improvements would have increased the value of said property in an amount equal to the cost of said improvements, as shown in paragraph 8 above, and that said improvements would have been worth said amount, all to plaintiff's damage. * * * Plaintiff says that because of said false and fraudulent representations of the defendant, O. S. Rawdon, and of the consequent fraud visited upon plaintiff that he has on many occasions offered to rescind said contract and sale, offering the possession and title of property to defendant, conditioned only upon said defendant's refunding to plaintiff the amount paid to said defendant and reimbursing plaintiff for all payments made to Rio Grande National Life Insurance Company on said Five Thousand ($5000.00) Dollars note and the assumption by said defendant of plaintiff's obligation under said note, the cancellation of the Fifteen Hundred ($1500.00) Dollars note above referred to which is held by said defendant and payment to plaintiff by said defendant for the improvements and expenses plaintiff has expended on the said house and lot; that said defendant has refused and still refuses to rescind said contract."

In conclusion the plaintiff prayed for judgment, in effect, (1) for actual and exemplary damages for the alleged false and fraudulent representations of defendant based upon the written contract of August 4, 1947; (2) or, in the alternative, for his damages by reason of the false and fraudulent promises of defendant and the breach of the oral contract of August 28, 1947 as alleged.

Appellant, as defendant, in answer to plaintiff's petition urged several special exceptions material here, in effect that the plaintiff's petition does not state a cause of action, based upon actionable fraud, wholly unenforceable, attempting, by parol, to vary and modify a written contract evidenced by deed for the sale of real estate; that plaintiff is estopped to assert a cause of action for the alleged false and fraudulent representations upon the written contract of August 4, 1947, brought under the provisions of Art. 4004, R.S.; and that plaintiff effectively waived all damages incident thereto by ratification of the purchase by the alleged subsequent oral agreement and the acceptance of the deed incident thereto; and, in addition, the defendant entered general and special denial, and in cross action sought judgment for balance due on the $1,500 note and for foreclosure of the vendor's and deed of trust liens on the property in suit.

In limine, the trial court overruled defendant's special exceptions, pleas of estoppel and waiver, and, over the objections of the defendant, submitted the case to the jury on special issues embodying the various elements of fact essentially necessary in order to sustain a judgment in favor of the plaintiff for fraud and deceit under the provisions of Art. 4004, R.S. The jury verdict was to the effect (1) that prior to the time plaintiff and defendant entered into the contract of sale of the property involved (August 4, 1947), the defendant represented to the plaintiff that the property in question did not flood; (2) that such representation was false; (3) that such representation was of a past existing fact; (4) that such representation was a material inducement to plaintiff to enter into said contract of sale and but for which he would not have done so; (5) that the plaintiff relied on such representation in entering into said contract of sale; (6) that the reasonable cash market value of the property involved at the time of entering into said contract of sale, had the property been as represented, was the sum of $7,500; (7) that the reasonable cash market value of the property in the condition it was delivered at the time of said contract of sale was $4,000; (8) that such representation was willfully made, knowing the same to be untrue; (9) that defendant has intentionally, deliberately, or designedly taken advantage of such representation; (10) that $3,300 was assessed as exemplary damages because of the willful, false representations made by defendant; and (11) that the plaintiff did not know on or before the signing of the contract dated August 4, 1947 that said representations were false. At the conclusion of the testimony, against defendant's

motion for instructed verdict and subsequent motion non obstante veredicto, the trial court entered judgment in favor of the plaintiff for $3,500 actual damages and $3,300 exemplary damages; and in favor of the defendant on his cross action for $1,743.29 together with foreclosure of the vendor's and deed of trust liens on the property involved. From which judgment the defendant alone has appealed.

In a purchaser's action against a vendor for breach of contract it must be alleged and shown that the contract and breach thereof were made with fraudulent intent on the part of the vendor not to perform. The burden rests upon the plaintiff or purchaser to allege and prove in such an action that the promise, when made, was fraudulent and made with the intention not to perform it. El Jardin Immigration Co. v. Karlan, Tex.Civ.App., 245 S.W. 1043. Breach of contract does not, of itself, show fraud. Pool v. Joy, Tex.Civ.App., 61 S.W.2d 581. Generally a promise to perform an act in the future will not amount to legal fraud, although such promise may have been the inducement for the contract and although the promise may have been totally breached. "A contract cannot be avoided for fraud when a party is induced to execute it by promise or agreement to do something in the future, unless [at the very time such] promise is made the promisor has no intention of fulfilling it, and makes the same for the fraudulent purpose of inducing the [execution of the] contract. * * *" Wagner v. J. B. Colt Co., Tex.Civ.App., 234 S.W. 934. "* * * a promise to do or not to do a certain thing in the future must be falsely made with present fraudulent intention not to carry out the promise." Berry v. American Rio Grande Land & Irr. Co., Tex.Civ.App., 236 S.W. 550, 552. A vendee who, after discovering falsity of representations, accepts a deed by entering into another contract, is held to have waived his rights under the prior contract for fraud and deceit; thus relegated to a common-law action for breach. In the case of Fryar v. Forrest, 155 S.W.2d 679, 680, the San Antonio Court of Civil Appeals had for consideration a suit for damages growing out of a prior contract, where the parties had adjusted their rights, with full knowledge of the fraudulent inducement, by entering into a subsequent contract or agreement, the Court said: "By entering into the second transaction with Forrest, after the discovery of the alleged fraud which had been perpetrated upon her, she waived her claim for damages resulting to her from such original fraud." Citing Santa Ana Citrus Groves, Inc. v. First National Bank, Tex.Civ.App., 149 S.W.2d 310; Braxton v. Haney, Tex.Civ.App., 82 S.W.2d 984. See also Coates v. Thomas, Tex.Civ.App., 285 S.W. 700; Risley v. McAdams, Tex.Civ.App., 108 S.W.2d 443.

Article 4004, R.S. is applicable only when a conveyance of the property has been made, and not where there is merely a contract to convey. The statute making promises inducing contract not performed within a reasonable time presumptively fraudulent, is violative of the due process clause of the Constitution. Tripplehorn v. Ladd-Hannon Oil Corp., Tex.Civ. App., 8 S.W.2d 217, error dismissed, Ladd-Hannon Oil Corp. v. Tripplehorn, 118 Tex. 195, 13 S.W.2d 666; Clem v. Evans, Tex. Com.App., 291 S.W. 871; Dorsey v. Temple, Tex.Civ.App., 103 S.W.2d 987. But where there is a contract and the promisor did not fulfill it, and had no intention to fulfill it, irrespective of fraudulent intent, the purchaser is relegated to common-law right to recover specific damages for breach, or to rescind the contract and recoup actual damages, or prevent recovery by vendor of purchase price on ground of failure of consideration. Loma Vista Development Co. v. Johnson, 142 Tex. 686, 180 S.W.2d 922.

According to plaintiff's petition, and we find support in the evidence, the contract of sale dated August 4, 1947, at the time it was made was not the complete and entire contract upon which the transaction was finally consummated by deed. The basis for the deed was the subsequent oral contract entered into by the parties on August 28, 1947, which induced the plaintiff to rescind the prior contract, pay the $800 cash consideration, execute the notes and deeds of trust, and accept the deed to the

property upon the promise of the defendant "to immediately repair any damage" to said home theretofore caused by flood waters; "to construct drains and do such work as was necessary to prevent recurrence of water standing on said lot and in said house," and "to begin such work immediately and that said work would be performed prior to any rain or rains which could or might cause recurrence of said condition, and that such work would be performed in such manner that plaintiff's home and lot would not flood and surface water would not stand on said lot or in said house." The record in this appeal shows that the defendant had not fulfilled the promises thus made, and there is no pleading or evidence to show that such promises, or failure to perform, were fraudulent. In such situation actionable fraud cannot be presumed. The provision of Art. 4004, R.S., with reference to presumption and burden of proof, is prohibited by section 19 of our Bill of Rights, Vernon's Ann.St. Const., which provides that "No citizen of this State shall be deprived of * * * property * * * except by the due course of the law of the land." On the issue as to whether the promises were made to fraudulently deprive plaintiff of his rights to property, and to enter into final consummation of the contract of sale, and the nonfulfillment of the promises, plaintiff has failed to meet the burden resting on him to plead and prove such actions were fraudulent; thus allowing defendant to prove as a complete defense that at the time the promises were made there was no intention to defraud. Furthermore, plaintiff having discovered the falsity of the representations,—that the property did overflow and was susceptible to flood waters, by entering into the second transaction after such discovery, he effectively waived his claim for damages resulting from the original contract. Article 4004, R.S., in reference to the second transaction, is not applicable. The act, however, did not exclude plaintiff's common-law right to recover damages, if any, for defendant's breach of contract.

The trial court having submitted the cause on the theory of presumptive fraud, relying upon the provisions of the above

Article and not upon the common-law cause of action establishing false promises, plaintiff retained all of the legal rights under the common-law action for breach of the promises. However, he could not have recovered in this trial, for the reason that he failed to allege or prove any grounds upon which he might be entitled to recover, if he was entitled to relief, it was for rescission of the contract, or to recoup his damages, or to prevent recovery by defendant on the notes given as the consideration for the deed conveying the property, on the ground of failure of consideration. And, the trial court having overruled defendant's exceptions, pleas of waiver and estoppel, and having submitted the case solely on the theory of damages under Art. 4004, R.S., we are of the opinion that the judgment of the court below should be reversed and the cause remanded for new trial, because the case was determined under the wrong theory; thus allowing plaintiff a trial under his common-law rights and in consonance with our holdings herein; accordingly the judgment below is reversed and cause remanded.