**BRAXTON v. HANEY et al.**

No. 1574.

Court of Civil Appeals of Texas. Waco.

April 11, 1935.

Rehearing Denied May 16, 1935.

Sleeper, Boynton & Kendall, of Waco, for appellant.

W. L. Eason and S. J. T. Smith, both of Waco, for appellees.

ALEXANDER, Justice.

This action was brought by Miss Annie M. Braxton on May 21, 1932, against T. E. Haney and H. W. Grim and wife, Charlotte Grim, in trespass to try title to recover a house and lot in the city of Waco, and in the alternative for debt and to foreclose a vendor's lien on the property. The trial court, upon the answers of the jury to certain special issues, rendered judgment for plaintiff against T. E. Haney for the debt sued for, but denied all other relief. The plaintiff appealed.

The record shows that on July 21, 1919, W. J. Coffelt conveyed the property in question to T. E. Haney for a total consideration of $4,100, recited in the deed as follows: $1,400 cash and two notes, one for $1,500, secured by first lien and payable to Miss Annie M. Braxton, she having advanced that amount of the money necessary for the purchase of the property, and the other note for $1,200, payable to the vendor, W. J. Coffelt. This deed was filed for record November 7, 1919. On November 6, 1919, T. E. Haney conveyed the property to H. W. Grim for a total consideration of $4,100 as follows: $2,600 cash, and the assumption of the $1,500 note held by Miss Braxton. This deed was filed November 7, 1919. The $1,200 note previously retained by Coffelt was paid by Haney and a release thereof recorded in December, 1919. On July 7, 1924, before the Braxton note became barred by limitation, T. E. Haney and Miss Braxton, by written agreement, and without the joinder of Grim, extended the time of payment of said note so as to make same mature December 21, 1926. This instrument was filed for record July 16, 1924. Thereafter, on November 21, 1929, Miss Braxton, T. E. Haney, and H. W. Grim entered into a written agreement whereby said $1,500 note was extended so as to mature November 21, 1930.

Grim and wife, as a defense to plaintiff's suit, alleged that about one year prior to the conveyance from Coffelt to Haney they

deposited with Haney approximately $5,000 to be used by him in purchasing a home for them in the city of Waco, and that they instructed him to pay cash for the property and to take title thereto in their own name; that a short time prior to the conveyance from Coffelt to Haney the said Haney showed them the property, and, after inspection, they agreed to buy same for $4,100 cash, leaving to Haney the matter of having title examined and proper conveyance made to them; that Haney then informed one Brockenbrough, who was the agent of Miss Braxton, that he had in his possession the money belonging to Grim necessary to purchase the property and had been instructed by Grim to pay cash therefor, but that he preferred to pay only part cash and to execute the note to Miss Braxton for the balance of the purchase price and to take title in his own name instead of in Grim's name. They further alleged that Haney, wholly without their knowledge or consent, had the property conveyed to himself, and executed a vendor's lien note to Miss Braxton, and afterwards conveyed the property to Grim by deed, in which they were caused to assume the payment of said note. They alleged that they accepted the property and moved into it in July, 1919, and have occupied it continuously since said date as their homestead, believing that it had been conveyed to them directly by Coffelt free of lien, and that they did not discover that Haney had taken title to the property in his own name and had afterwards conveyed the same to them and caused them to assume the payment of said vendor's lien note until this suit was filed. They alleged that Haney violated his contract with them, and that Brockenbrough, agent of Miss Braxton, knew that Haney was so violating his contract, and that by reason thereof Haney became the agent of Miss Braxton, and thereby the said Haney·and Brockenbrough perpetrated a fraud on them. Miss Braxton, by supplemental petition, denied the allegations contained in the answer filed by Grim and wife, and pleaded estoppel, limitation, laches, ratification, and various other defenses thereto.

The jury found, in substance, that prior to July 21, 1919, Haney had in his possession $5,000 belonging to the Grims; that Brockenbrough, who was the agent of Miss Braxton, was informed by Haney that the Grims had deposited $5,000 with him with which to purchase a place for the Grims; that the Grims had instructed Haney to pay all cash for the property to be purchased for them (there was no finding, however, that Brockenbrough knew this); that Haney told Brockenbrough that he did not want to pay all cash for the property, but wanted to take the deed in his own name and execute the note in question for $1,500, that H. W. Grim did not consent for Haney to take the deed in his (Haney's) name, and execute the note in question; that H. W. Grim could not, by the exercise of ordinary care, have discovered that Haney had taken the deed to the property in question in his own name and executed the note in question until about the time of the service of citation in this suit; that, at the time Grim executed the extension agreement in 1929, he had no actual knowledge that Haney had taken the deed to the property in his own name and executed the note in question; nor that Haney had deeded the property to Grim; that, at the time of the execution of such extension agreement in 1929, Haney represented to Grim that he (Grim) had assumed the payment of the $1,500 note here sued on and was bound to pay same; that Brockenbrough, who was the agent of Miss Braxton, was present and heard this conversation; and Grim believed this representation and relied on same in executing the extension agreement; that Haney was a special agent of Grim and wife in purchasing the property in question and was not their general agent in handling real estate transactions for them; and that Haney, in purchasing the property in the manner in which he did, was not acting within the actual or apparent scope of his authority as agent for the Grims.

It will be noted that, while the jury found that Brockenbrough was informed by Haney that the Grims had deposited $5,000 with him with which to buy a home for them, there was no finding whatever that Brockenbrough knew that Haney had been instructed to pay cash for the property, or that Brockenbrough was in any wise informed of, or connected with, the fraud alleged to have been perpetrated by· Haney.

We do not consider it necessary at this time to discuss the insufficiency of the evidence and findings of the jury to connect either Miss Braxton or her agent, Mr. Brockenbrough, with the fraud alleged to have been perpetrated on Grim by his agent, Haney, for we are of the opinion that Grim waived his right to deny the validity of Miss Braxton's lien and ratified the acts of his agent, Haney, in handling

the transaction in the manner in which it was handled when he executed the extension agreement of date, November 21, 1929. By that agreement, which was signed by Grim, Haney, and Miss Braxton, the original debt and lien were renewed and extended so that the debt would mature November 21, 1930. The original transaction was merely voidable at its worst, and the extension of time granted by Miss Braxton in the extension agreement constituted sufficient consideration for Grim's waiver of his right, if any, to contest the validity of the original transaction. It is a well-established rule that, where one with knowledge of the fraud in a prior transaction executes a renewal of his obligation, he thereby ratifies the original transaction and waives his right to plead the fraud. 6 Tex. Jur. 831; 20 Tex. Jur. 106; Hunter v. Lanius, 82 Tex. 677, 18 S. W. 201; Twichell v. Klinke (Tex. Civ. App.) 272 S. W. 283; J. B. Colt Co. v. Ellis (Tex. Civ. App.) 293 S. W. 629. It is true the jury found that at the time Grim executed the extension agreement he had no knowledge of the facts showing that a fraud had been perpetrated on him; but the undisputed facts show the contrary. The deed from Coffelt to Haney in which a vendor's lien was retained to secure Miss Braxton's note, and the deed from Haney to Grim in which Grim assumed the payment of said note, were recorded in November, 1919, approximately ten years prior to the execution of the extension agreement. These instruments constituted links in the chain of title under which Grim was claiming, and he was charged as a matter of law with constructive notice of the contents thereof. Gilbough v. Runge, 99 Tex. 539, 91 S. W. 566, 122 Am. St. Rep. 659; City of Dallas v. Rutledge (Tex. Civ. App.) 258 S. W. 534 [11]; Loomis v. Cobb (Tex. Civ. App.) 159 S. W. 305, 307 [3]. Moreover, the extension agreement which Grim signed recited the facts in full concerning these matters, and then, to remove all doubt, both Grim and Haney testified, without contradiction, that, at the time Grim signed the extension agreement, Haney informed him that he had not paid all cash for the property, but had given the Braxton note in part payment therefor, and that Grim had assumed the payment of said note when Haney conveyed the property to him. In this connection Grim testified in part as follows:

"I remember when I signed the second extension agreement. I was in Mr. Haney's office in the Amicable Building. Mr. Brockenbrough was present. Mr. Haney 'phoned me to come down there. When I walked in he said he wanted me to sign this paper (indicating the extension agreement). I asked him what it was and he told me. He said it was an extension of the note on that place and I said 'What note?' I asked him what note and he said I owed $1,500.00. I asked him then, 'Why didn't you pay all cash like I told you?' and he said he didn't have the money right then to pay it. He said the reason why he gave the note was because he just used the money. He said it was the $1,500.00 I assumed in the deed. I told him I didn't. He said, 'Well I would have to pay it, it was on there.' I went ahead and signed that thing to get more time on it."

We think that the evidence shows without dispute that Grim thus ratified the transaction after having obtained full knowledge of all of the facts, and that he has waived his right and is now estopped to plead the fraud, if any, with which the original transaction was tainted. The ratification related back to, and rendered valid, the original transaction by which Miss Braxton was given a lien on the property, in the same manner as though Grim had possessed full knowledge of all of the facts at the time he accepted the property. The Grims are now claiming title to the property under the deeds from Coffelt to Haney, and from Haney to Grim. They cannot accept the benefits conferred by these deeds without assuming the burdens imposed therein. Hence the property in their hands is burdened with a valid lien in favor of Miss Braxton. 17 Tex. Jur. 135; Doty v. Barnard, 92 Tex. 104, 47 S. W. 712; Walsh v. Ford, 27 Tex. Civ. App. 573, 66 S. W. 854, 856; Frazier v. Hanlon Gasoline Co. (Tex. Civ. App.) 29 S.W.(2d) 461; McDorman v. Goodell (Tex. Civ. App.) 69 S.W.(2d) 428; W. H. Putegnat Co. v. Fidelity & Deposit Co, (Tex. Com. App.) 29 S.W.(2d) 1004.

Grim cannot avoid the effect of his act in executing the extension agreement on the ground that he was caused to execute same as a result of a representation by Haney, in the presence of Mr. Brockenbrough, that he (Grim) was liable on said note and would have to pay it. The grounds of Grim's liability had previously been fully explained to him, and the representation that he was liable on the note was not a misrepresentation of a material

fact, but was merely the expression of an opinion with reference to a matter that was as well known to Grim as' to Haney and Brockenbrough. Hence such statement could not form the basis of fraud. Franklin Insurance Co. v. Villeneuve, 25 Tex. Civ. App. 356, 60 S. W. 1014; Dean v. A. G. McAdams Lumber Co. (Tex. Civ. App.) 172 S. W. 762; McGary v. Campbell (Tex. Civ. App.) 245 S. W. 106; Mitchell v. Small (Tex. Civ. App.) 45 S. W.(2d) 403.

The judgment of the trial court in favor of plaintiff against Haney is affirmed. The judgment in all other things is reversed, and judgment is here rendered for plaintiff against H. W. Grim for the amount sued for, with foreclosure of plaintiff's lien against all parties.