**MUNDY et ux. v. STILES.**

No. 3095.

Court of Civil Appeals of Texas. Waco.

April 23, 1953.

Rehearing Denied May 14, 1953.

Al L. Crystal and M. S. Morgan, Houston, for appellants.

Miller & Rutta, Columbus, Helm & Jones and Albert P. Jones, Houston, for appellee.

McDONALD, Chief Justice.

This case is in this court upon a Transcript, Statement of Facts, and Appellants' brief. Appellee has filed no brief.

Appellants, husband and wife, tenants, sued Appellee as landlord for damages on account of injuries suffered by Appellant wife, when she fell down the back stairs at the rented premises. The fall was occasioned when she stepped down one step from the top of a 14 step stairs, and the floor board of the step gave way, it having rotted on the inside.

Appellants were tenants in an upstairs apartment in a 2 story, 4 unit apartment. There was one front entrance leading to all 4 units and one stairway from the front street entrance to the 2 upstairs apartments. There was one back stairs in the back from the yard to a platform or porch which serves the rear of the 2 upper apartments.

Trial was to a jury. After Appellants introduced their evidence the Trial Court granted Appellee's Motion for an Instructed Verdict, which was predicated on the following specific grounds: 1) That Appellants failed to offer competent proof as to the ownership of the premises; 2) That the undisputed evidence shows the condition of the stairway prior to and at the time of the Appellant wife's fall, was as well known and better known to Appellants than it was to Appellee; 3) That the evidence shows that the fall by Appellant wife was either an unavoidable accident or the result of contributory negligence; 4) That the evidence shows that the condition of the stairway was open and obvious and Appellants had equal means of knowledge of the stairway's condition; and Appellee had no superior means of knowledge to Appellants; and that Appellants assumed any risk incident to the use of the stairway.

Judgment was rendered for Appellee on the Instructed Verdict and Appellants ap-

peal to this court on 3 points contending the Trial Court erred in instructing verdict for Appellee when the undisputed evidence showed: 1) Defendant was bound as a matter of law to maintain the stairway to Appellants' apartment in reasonably safe state of repair; 2) Defendant was guilty of negligence per se in failing to keep the stairway in a safe state of repair; 3) The pleadings and evidence presented fact issues for the jury.

In determining whether a Motion for an Instructed Verdict for Appellee was properly or improperly granted, we are bound to view the facts and the inferences drawn therefrom in a light most favorable to Appellants. Further, the evidence and all legal inferences drawn therefrom must be in the *most favorable light against an instructed verdict.* Our courts further say that it is only where there is *no* evidence, or where the evidence is of such a character as to be of no probative force or value, that a Trial Judge may take a case from a jury and himself decide the issues. (See Rule 268, Texas Rules of Civil Procedure, and notes of decisions cited thereunder).

While it is not shown which ground the Trial Court relied on to sustain the Motion for Instructed Verdict, under the foregoing rules, it is our view that none of the 4 grounds stated were sufficient.

As to the 1st ground—that Appellants failed to offer competent proof as to ownership of the premises—*ownership* is not the legal test to establish liability. Assuming that the word *ownership* throughout this record is used in its generic sense, to denote such *right or interest* in the premises as to confer *the right of control as landlord,* together with such duties as may be imposed by law, the evidence still makes for a fact issue. While Appellee denied that he owned the premises and asserted that they belonged to his wife, who is not a party to this suit, he was an adverse witness, a party in interest, and as such his testimony may be disbelieved by a jury. His *positive* testimony standing *alone* would not support a directed verdict on this ground. Sohio Petroleum Co. v. Jurek, Tex.Civ.App., 248 S.W.2d 294. However, here Appellee went further and said he didn't exactly know if his wife paid *all* the down payment on the property, which was ⅓ the purchase price, and that the ⅔ balance was paid for out of rentals from the property. He further testified rentals from the property may have been placed in "Mr. and Mrs." bank account. Further to the above, moreover, the witness Mrs. Rigby testified that *"Mr. and Mrs. Stiles" were the owners.* While counsel lodged objection to this testimony, there is no showing in the record that the trial court ever sustained the objection. All of this testimony raises a *question of fact* as to the Appellee's right to control the premises as landlord, which should have been resolved by the jury.

As to the 2nd ground—that the undisputed evidence shows the condition of the stairway prior to and at the time of Appellant wife's fall was as well known, and better known to Appellants than it was to Appellee—we cannot agree. The record reflects that Appellants notified Appellee and his wife of the poor condition of the stairway, asked that it be repaired, and that Appellee and his wife promised to have it repaired, but never did so. The record further reflects that while Appellants knew the stairway needed repair, they did not know that it was rotten inside and ready to break down—otherwise they would not have used it. A question of fact for jury determination was certainly here presented. Further, under the facts in this case, it was the duty of the owner of the premises to keep them in a state of reasonable repair and any possible knowledge of Appellants would go to the question of contributory negligence, or some other defense. O'Connor v. Andrews, 81 Tex. 28, 16 S.W. 628, 629; Morton v. Burton-Lingo Co., 136 Tex. 263, 150 S.W.2d 239.

The 3rd and 4th grounds in Appellee's Motion for Instructed Verdict go to whether the fall was the result of an unavoidable accident; the result of contributory negligence; or whether Appellants had equal or superior means to know of the steps' condition, and for that reason as-

sumed any risk involved in using them. It is elementary that the questions of contributory negligence, unavoidable accident and assumed risk, by reason of the very nature of the defenses involved, are generally matters of fact for the jury to decide. We think that under the facts in the case at bar such was the case. See: Gulf, C. & S. F. Ry. Co. v. Gascamp, 69 Tex. 545, 7 S.W. 227; and McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442.

The evidence brings this case within the rule that when a landlord has leased the premises to several tenants, retaining possession or control of a part for their common use, he becomes liable to a tenant who suffers injury due to the defective condition of that portion. O'Connor v. Andrews, 81 Tex. 28, 16 S.W. 628; Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585. The fact that the evidence is conflicting, contradictory, or presents testimony which if true might give rise to some defense, merely makes for issues of fact for the jury to decide.

For the reasons stated, the trial court erred in taking the case from the jury, instructing a verdict, and rendering judgment for Appellee. Accordingly this cause is Reversed and Remanded.

TIREY, J., not participating because of illness.