**THERIOT v. SMITH.**

No. 3129.

Court of Civil Appeals of Texas. Waco.

Nov. 25, 1953.

Rehearing Denied Dec. 17, 1953.

Fuller & Buford, and Andrew Campbell, Port Arthur, for appellant.

Carruth & Gray, Port Arthur, for appellee.

McDONALD, Chief Justice.

This is a suit for debt. Appellant as plaintiff brought suit against Appellee as defendant for $654.41 for building materials ordered from Appellant by one Ed Corley, who, at the time of the purchase, was alleged to have been constructing houses for Appellee on lots owned by Appellee. Appellant's original petition was filed on a sworn account, but by Second Amended Petition several alternate bases for recovery were alleged, including the ground that Appellee by his conduct was estopped to deny his liability for the debt to the Appellant. Trial was to a jury. After the close of the evidence but prior to submission of the court's charge Appellee moved for an instructed verdict on various grounds. The Trial Court granted the motion, *"for the reason that there is no evidence to support any of the alternative*

*pleas* * * * *and that there are no issues of fact for the jury to decide"*, and rendered judgment that Appellant take nothing.

Motion for New Trial was overruled and Appellant appeals to this court, complaining of the action of the Trial Court in withdrawing the case from the jury and instructing a verdict in favor of Appellee.

■ It is the law that in determining whether a motion for instructed verdict for Appellee was properly or improperly granted, this Court is bound to view the facts and inferences drawn therefrom in a light most favorable to Appellant and against the instructed verdict. Further, it is only where there is no evidence, or where the evidence is of such a character as to be of no probative force or value, that a Trial Judge may take a case from a jury and himself decide the issues. Mundy v. Stiles, Tex.Civ.App., 257 S.W.2d 750; Rule 268, Texas Rules of Civil Procedure and notes of decisions cited thereunder.

■ It is further the law that, Equitable Estoppel is the effect of the voluntary conduct of a person whereby he is precluded from asserting rights against another relying on such conduct; and it arises where a person by his acts, representations, or even silence, induces another to believe that certain facts exist, or is led to change his position for the worse. 17 Tex.Jur. 130; 31 C.J.S., Estoppel, § 59, page 236; Praetorians v. Strickland, Tex.Com.App., 66 S.W.2d 686.

■■ One who retains benefits under a transaction cannot avoid its obligations, and is estopped to take a position inconsistent therewith. The doctrine of equitable estoppel is applicable to a transaction in which it would be unconscionable to permit a person to maintain a position inconsistent with one he has acquiesced in or of which he has accepted any benefit. And so the acceptance of any benefit from a transaction with knowledge or notice of the facts and rights will create an estoppel. McDorman v. Goodell, Tex.Civ.App., 69

S.W.2d 428, 429; Braxton v. Haney, Tex. Civ.App., 82 S.W.2d 984, 985.

The evidence in this case reflects that at the time of the creation of the debt involved in this case, Appellee was engaged in the business of having houses built for resale. He had working for him as building contractor one Ed Corley. Corley ordered the materials which the $654.41 represents, and they were delivered to the construction job, and were used in completing the construction of the house. These materials were never paid for by Corley. Corley and Appellee had a disagreement and discontinued their business relationship, and Appellee hired one T. B. Knight to continue and complete the construction of the house. The additional lumber and materials for the completion of the house were purchased by Appellee from Appellant and paid for.

Appellant testified that upon presenting the bill for the $654.41 to Corley, he was told to look to Appellee for payment. Appellant also testified *that Appellee stated that he would pay for all materials used in the construction of the house if Appellant would furnish the balance of the materials.* Appellant further testified *that in reliance on Appellee's promise to pay the debt he refrained from filing a materialman's lien on the property.* Appellee took charge of the house upon its completion, and later sold it.

■ Viewing the record in the light most favorable to Appellant, and applying the rules of law announced thereto, we believe that there was evidence to support an estoppel, which the Appellant was entitled to have a jury pass on. Accordingly, this cause is Reversed and Remanded.

On Motion for Rehearing

■■ Appellee contends that since estoppel was first raised by Appellant in his 2nd Amended Petition, at which time more than two years had elapsed since the time of the purported promise, that the claim was barred by the two year Statute of Limitations, Vernon's Ann.Civ.St. art. 5526. This contention is overruled in view of

Article 5539b, Tex.Civ.Stats. Under this statute it has been repeatedly held that an amendment of pleading setting up *additional grounds for liability*, but upon the same debt and between the same parties, does not make a different transaction so as to prevent tolling of limitations. An excellent discussion of this question is made by Justice Hale in O'Quinn v. Scott, Tex. Civ.App., 251 S.W.2d 168, writ of error refused. See also: Thompson v. Van Howeling, Tex.Civ.App., 49 S.W.2d 961; First State Bank & Trust Co. of Rio Grande City v. Ramirez, 133 Tex. 178, 126 S.W.2d 16; Moore v. City of Beaumont, Tex.Civ. App., 195 S.W.2d 968; and 146 Tex. 46, 202 S.W.2d 448.

Appellee's motion for rehearing is accordingly overruled.