Daniel N. POPE, Appellant,

v.

NATIONAL OLD LINE INSURANCE COMPANY, Appellee.

No. 16028.

United States Court of Appeals Fifth Circuit.

Dec. 21, 1956.

B. Thomas McElroy, Turner, White, Atwood, McLane & Francis, Dallas, Tex., for appellant.

Webster Atwell, Dallas, Tex., Beloit Taylor, E. F. Jackson, Little Rock, Ark., Walton Grayson, III, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This appeal presents the question whether the complaint was properly dismissed by the trial court as not stating a cause of action. There are other procedural questions which appellee urges as being equally important.

The suit was originally filed by Pope, an insurance agent, alleging that he was entitled to renewal insurance commissions from the defendant, National Old Line Insurance Company, for which he had formerly worked. In response to a motion for more definite statement Pope filed his First Amended Original Complaint, in which he made the following allegations:

On August 10, 1950, plaintiff and defendant entered into a contract whereby

plaintiff became an insurance sales agent for defendant. It was provided that plaintiff would be allowed renewal commissions on policies that he had written according to a certain schedule as long as he continued to be employed by the defendant, or if he had been employed as long as three years he would receive the commissions even after he ceased work for a certain number of years after the termination of the agency; however, if within three years after ceasing to work for defendant, plaintiff would in the same territory solicit for another insurance company "all future * * * payments * * * shall cease and be forfeited to the First Party at its election * * *."

On September 14, 1954, plaintiff had certain conversations with defendant's president who allegedly assured him that even if he now quit and immediately accepted employment with another firm the defendant would not elect to forfeit the renewal commissions, since as a matter of policy in order to cement good relations with its employees it had never invoked that clause. Plaintiff received similar assurances from his general agent, a vice-president of the company.

On September 15, 1954, plaintiff quit his employment with defendant and immediately took a job with another company in the same territory.

From September 15, 1954, to April 12, 1955, defendant paid plaintiff his renewal commissions. On the later date he was informed that the payments would be discontinued because defendant had just terminated its relations with its general agent and wished to forfeit his renewal commissions—and in order to do so it wished to establish a record of invoking such forfeitures against other agents.

In paragraph X of this pleading he alleged:

"Plaintiff acted in reliance on the assurances and representations of Defendant and on the custom, usage and practice of Defendant with regard to said renewals, and has been damaged by Defendant's repudiation of said assurances, representations, custom, usage and practice to the full extent of the value of said renewals. In the alternative, Defendant has waived any right it may ever have had to urge the forfeiture provisions * * *."

In addition the prayer expressly asked the court to adjudge "that the defendant is estopped from asserting or relying on provisions of the written contract permitting the defendant to forfeit plaintiff's renewal commissions, or that defendant has waived same."

Thereafter the defendant moved to strike all parts of the complaint based on custom and usage, oral modification of the contract, and quantum meruit. The court entered its order granting this motion in full.

On December 15 the defendant filed its motion to dismiss the complaint, thus emasculated, and on the following day the complainant filed a pleading entitled "Plaintiff's Motion for Rehearing," in which he prayed a rehearing of the court's order striking parts of the complaint.[1]

---

1. The relevant parts of this motion are as follows:

"The Court's ruling disposes of the issue alleged by the Plaintiff in his First Amended Complaint relating to the oral modification of Plaintiff's written contract with Defendant on the ground that no consideration was shown therefor, but does not dispose of the other issues pleaded in said Complaint, and with a view to stating said issues more fully, Plaintiff has, with the Court's permission, prepared and attached to this Motion a Second Amended Original Complaint as Exhibit 'A' hereto, by virtue of which Plaintiff believes he has clearly shown fact questions entitling him to go to the jury on the issues raised in said pleading relating to waiver, estoppel and fraud. Plaintiff alleges that Defendant intentionally relinquished and waived its right to forfeit his renewal commissions under said written contract, and if correct in said allegation of fact Plaintiff would certainly be entitled to a judgment as a matter of law. Secondly, Plaintiff al-

Without attempting to argue that the court erred in its ruling, but rather appearing to accept it, he then sought to have the court reverse its ruling because, as he alleged, there was still pending an allegation of estoppel, waiver, and fraud. He attached, as Exhibit A, to spell out more explicitly the factual basis and to enlarge upon his theory of estoppel and waiver, a proposed amendment, which, however, he did not file or ask permission to file. The record is silent on what hearing was had on this motion or on the motion to dismiss, but the parties both treat the matter as though the record disclosed that a hearing was had on the motion to dismiss in light of plaintiff's profert of a second amendment. Following argument the court entered its final order dismissing the complaint without opinion.

The appeal, both as to the record made below and as to the "Statement of Points To Be Relied on On Appeal," leaves much to be desired.[2]

Here the appellant states that he is complaining of an error of the trial court in dismissing the suit on the grounds of lack of consideration to modify the terms of the written agency contract, which the trial court did not do. It merely struck the allegations as to oral modification, and then in a separate later order dismissed the suit for failure to state a cause of action. Then the statement alleges error of the trial court in dismissing the suit "on other grounds, if any, under the facts alleged in plaintiff's Second Amended Original Complaint" as to the estoppel and waiver points, whereas no such Second Amended Original Complaint was ever filed or passed on by the court.

Nevertheless, and in spite of the failure of appellant in his brief to point up the real issue in the case, we are convinced that the trial court erred in dismissing the complaint, because under the extremely liberal Federal Rules[3] there was sufficient matter in the complaint to allege that plaintiff was entitled to continue to receive his commissions even though he accepted employment with a competitor, since, by reason of defendant's assurances, it was estopped to exercise its election to cancel the payments.

■ We comment on the state of the record and the position taken by appellant because the appellee stresses these procedural points as being a bar to a successful appeal. Where, however, the entire record is before us and it is amply clear upon reading the amended complaint that a claim on which relief could be granted was set out, and when it appears from the record before us that the trial court dismissed such complaint this Court is not prevented from sending the case back to the trial

leges that Defendant by its representation to him that it would not forfeit his renewals, even should he go to work for another life insurance company in the same area in which he had worked for Defendant, by Plaintiff's change of employment in reliance on said representation, and Plaintiff's subsequent loss of said renewals is estopped from now asserting any right under said forfeiture clause of the written contract * * *."

2. "Statement of the Points to be Relied on on Appeal.
     *      *      *      *      *
"I.
"The error of the Trial Court in dismissing this suit on the grounds of lack of consideration to modify the terms of the written agency contract between the Plaintiff and Defendant, or on other grounds, if any, under the facts alleged in Plaintiff's Second Amended Original Complaint that Defendant expressly waived the forfeiture provisions of said contract entitled Defendant to confiscate Plaintiff's renewal commissions, and, in the alternative, the Defendant estopped itself by its representations to the Plaintiff that it would not forfeit his renewal commissions, by Plaintiff's subsequent reliance thereon, and by the resulting detriment to Plaintiff, and, further in the alternative, that Defendant defrauded Plaintiff into believing that his renewal commissions would not be forfeited under the forfeiture provisions of the written contract."

3. Rule 8(a), Fed.Rules Civ.Proc., 28 U.S.C.A. Rule 8(a).

court for the development of the issues alleged. We do not read any such restriction on the power of the Court in Rule 75(d), which requires of an appellant that he file a concise statement of the points on which he intends to rely only if he fails to designate for inclusion the entire record. 28 U.S.C.A. Rule 75(d), Fed.Rules Civ.Proc.

Whatever may be said as to whether the First Amended Complaint here adequately alleged a *waiver* by appellee of its right to cancel the renewals, it is clear that the complaint did assert facts which, if proved on trial, would amount to an *estoppel* against the defendant's asserting the right to cancel.

The classical definition of equitable estoppel as given by Professor Pomeroy[4] has been adopted and repeatedly applied by the Texas courts to permit a recovery against a defendant who is said to be "estopped" from relying on an otherwise good defense to the action.

> "It is further the law that, Equitable Estoppel is the effect of the voluntary conduct of a person whereby he is precluded from asserting rights against another relying on such conduct; and it arises where a person by his acts, representations, or even silence, induces another to believe that certain facts exist, or is led to change his position for the worse. 17 Tex.Jur. 130; 31 C.J.S., Estoppel, § 59, p. 236; The Praetorians v. Strickland, Tex.Com.App., 66 S.W.2d 686." Theriot v. Smith (Tex.Civ. App.), 263 S.W.2d 181, 183.

The allegations in the complaint which remained before the court after it had struck the theory of oral modification of the contract amounted to a claim that the plaintiff, knowing that under the terms of his contract with the defendant the latter had the legal right to cancel his renewal commissions if he left the company and competed against it, *sought and obtained assurances from* the defendant company that it would not elect to cancel the renewal commissions if he chose to resign and enter the employment of a competitor; that he did so, in reliance upon that assurance; and that thereafter, following a period during which the renewals were regularly paid (this payment for a period of time is of no significance in the question whether an estoppel arose), the defendant, contrary to the position it led plaintiff to believe it would take, reversed its position and cancelled the renewal commission payments.

■ The allegation asserts a claim upon which relief could be granted, and thus satisfies the requirements of Rule 8(a) supra. The fact that the plaintiff sought unsuccessfully to have the court consider a proposed amendment setting out more specifically the theory of estoppel does not prevent us from looking to the language of the pending amended complaint to determine whether it set out a cause of action.

We do not, of course, express any view as to what might be proven upon a trial of the issues, but we do hold that the first amended complaint was sufficient to require defensive pleadings from the defendant touching the merits of the issue raised.

The judgment dismissing the complaint is reversed and the cause remanded for proceedings not inconsistent with this opinion, including the allowance of such amendments as may be appropriate.

HUTCHESON, Chief Judge (concurring specially).

I concur in the reversal of the judgment but not in the reasons given for it.

It seems clear to me that, in the statement of the point to be relied on on appeal, appellant properly stated the real issue in the case, that plaintiff having requested leave to file and tendered for filing a second amended complaint, which, whatever might be said of the first amended complaint, did state a good cause of action, the district judge erred in his order entered some two months thereafter dismissing plaintiff's suit. In

4. 2 Pom.Eq.Jur., 4th ed. § 804.

Copeland Motor Co. v. General Motors, 5 Cir., 199 F.2d 566, the precise question here presented was determined by this court in favor of the position taken by appellant in his statement of the points to be relied on on appeal.

With deference, it seems clear to me that in ignoring the dominant and decisive feature of the case, that the second amended original complaint, which plaintiff had tendered in substitution of the abandoned first amended original complaint, stated a cause of action, to struggle instead with the very doubtful question, whether the abandoned and superseded complaint did, the majority has labored a matter no longer in the case and having no significance on this appeal or in the future conduct of the case.

Dissenting therefore from the opinion as completely unresponsive to the issue presented for determination, I concur in the reversal as far as it goes, but I dissent from the failure of the opinion to determine that the second amended petition did clearly state a good cause of action and from its failure to couple the remand with directions to consider the second amended petition as duly filed as of the date of its tender.