Arnold L. REED, Appellant,

v.

NATIONAL OLD LINE INSURANCE COMPANY, Appellee.

No. 16147.

United States Court of Appeals Fifth Circuit.

Dec. 21, 1956.

B. Thomas McElroy, Turner, White, Atwood, McLane & Francis, Dallas, Tex., for appellant.

Webster Atwell, Dallas, Tex., Beloit Taylor, E. F. Jackson, Little Rock, Ark., Walton Grayson, III, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

This is a companion case of, though not in any way interdependent with, Pope v. National Old Line Insurance Co., 5 Cir., 239 F.2d 590. The plaintiff below, the appellant here, was a general agent of the defendant company who now sues for his renewal commissions and for other funds and an accounting after having been discharged by defendant. His first complaint was riddled by an order of the trial court to strike its principal allegations. His "First Amended Original Complaint" met much the same fate. By permission of the court to amend the appellant tried again and filed his "Second Amended Original Complaint," which was met by a third motion to strike parts of paragraph VIII, all of IX, X, XI and XII, and parts of XIV. The court entered an order on February 23, 1956, striking all of paragraph VIII (more than requested in the motion) and all of X, XI and XII, still granting leave to amend. Thereafter, on April 2nd, the plaintiff moved the court "to dismiss without prejudice all portions of Plaintiff's Second Amended Original Complaint not stricken" by the court's order of February 23, "while at the same time permitting Plaintiff to perfect his Notice of Appeal to" this Court "as respects the paragraphs of Plaintiff's said Complaint stricken by said Court." Such an order was granted by the court on April 2nd.[1]

The plaintiff alleged an employment as general agent of defendant company, in which capacity he would become entitled to certain overriding commissions and renewal commissions of his agents, and that these would continue even after termination of his employment, provided that if Reed competed within three years from such termination "immediately any and all future renewals or other commission payments of whatever nature, if any, * * * shall cease and be forfeited to the [Insurance Company] at its election." These provisions are similar to those in the Pope case, supra. The plaintiff then alleged (1) an oral modification of the contract and (2) a certain course of action by the defendant which he contended made it impossible under (1) or inequitable under (2) for defendant to deny to him his renewals following his duly alleged discharge. Strangely enough, although plaintiff went to much pains to allege that at the time of discharge the contract had been modified to give him a vested right in the renewals after termination of employment and in the alternative a course of dealing that would estop the defendant from forfeiting them, in none of his three attempts to state his cause of action did he allege that he had done any of the things that would have given the defendant the option to forfeit. Apparently both parties and the court considered the complaint as though plaintiff conceded that he had done the competitive acts that would give rise to the election to forfeit. On the face of the complaint, however, there is nothing to justify this assumption.

In addition to the principal claim in the complaint, based on plaintiff's alleged right to the continued payment of his renewal commissions, which were struck by the court's order of February 23rd, plaintiff alleged in paragraph XIV, which was not struck, that the defendant had failed to account to him for funds designated by him to be personal accounts, reserved accounts, and various special accounts. These items were alleged to be owing to plaintiff entirely separately and apart from the principal

---

1. The essential part of this order follows:

"It is Ordered, Adjudged and Decreed by the Court that all paragraphs, portions and causes of action contained in Plaintiff's Second Amended Original Complaint not stricken by the Court's ruling of February 23rd, 1956, are hereby dismissed without prejudice to the re-filing of same; and It is Further Ordered, Adjudged and Decreed that the Plaintiff may perfect his Notice of Appeal to the Circuit Court of Appeals for the Fifth Circuit as to said stricken paragraphs, to all of which Defendant hereby excepts."

amounts and plaintiff claimed to be entitled to an accounting in respect to them.

Thus, we here have an illustration of a complaint embodying more than a single claim, such as is dealt with in Rule 54(b) of the Federal Rules of Civil Procedure.[2]

Here the court dealt with the separate claim as to the renewal commissions by striking all parts of the complaint by virtue of which the right to collect them was asserted. This was a disposition by the court of "one or more but less than all of the claims" in the lawsuit, but the court did not expressly determine that there was no just reason for delay or direct the entry of a final judgment on this claim. In fact the court clearly emphasized the interlocutory nature of the order by granting leave to amend. The order of February 23rd was thus not a final order that could be appealed from as of the date it was entered.

Was anything done subsequently that gave finality to it? We think not. The rule is clear as to the requirements. The plaintiff sought to reserve his right to amend his complaint as to the renewal commission item and was thus unwilling, apparently, either to stand on the remainder of his second amended complaint or to make a final stab at restating his cause which would result in a final, appealable judgment against him on that claim, if the court again ruled against him. He could have moved the court for a determination of no just reason for delay in entering final judgment, in which event he could have appealed the striking of his first cause of action, leaving for separate trial or disposition the remaining claim for accounting for the several miscellaneous funds. Or he could leave the order of February 23rd unappealed from and proceed to further disposition of the remaining claim, in which event the court's ruling of February 23rd would remain interlocutory and subject to modification or withdrawal until the second claim was finally disposed of. At that time he would have a right of appeal on the whole case if the disposition was adverse to him, or at least as to the February 23rd order if he prevailed on the remainder of the complaint. Then, for the first time, that order would become final and thus appealable.

Here plaintiff followed neither of these courses. He had no final judgment against him on the first claim and he failed to take the steps necessary to make it final, since he retained the right to amend. Even had it been final he did not ask the court to make the determination required under 54(b) to make it appealable. He then voluntarily dismissed the remaining claim, upon approval of the trial court, "without prejudice to the refiling of the same."

Appellant has thus undertaken, so it seems, "to eat his cake and have it too." As we said in Meadows v. Greyhound Corp., 5 Cir., 235 F.2d 233, a case in which an appeal was sought on an order dismissing a suit against one of several joint tortfeasors, an argument can be made for permitting piecemeal appeals in order to permit a plaintiff to know, before he makes his final effort on trial, the law of his entire case as expounded by the appellate courts. The Federal Rules make provision for obtaining this desirable end in multiple claim cases, but the statute imposes certain requirements as to finality, and the rules contain certain requirements as to action by the trial judge as a condition to achieving

2. "(b) Judgment Upon Multiple Claims. When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. As amended Dec. 27, 1946, effective March 19, 1948." 28 U.S.C.A. Rule 54(b).

this result.[3]  Neither condition was met here, and it is not within our power to enlarge the jurisdiction of this Court to entertain an appeal which is taken from an order that is neither final in effect nor in form nor one as to which the trial court expressly determined "that there is no just reason for delay" and as to which there was no "express direction for the entry of judgment." Rule 54(b).

The orders of December 6th and February 23rd not being final and appealable, and these being the only orders appealed from, this Court does not have jurisdiction to consider this appeal. It must, therefore, be

Dismissed.

3.  For the most recent authoritative discussion of the interrelation between § 1291 of the Judicial Code, 28 U.S.C.A. § 1291, and Rule 54(b), see Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895.