IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00075-CV

 

James Patterson,

                                                                                    Appellant

 v.

 

Anne G. Linne,

                                                                                    Appellee

 

 

 



From the 85th District
Court

Brazos County, Texas

Trial Court No. 05-000295-CV

 



MEMORANDUM OPINION



 








            Appellee Anne G. Linne has filed a motion
to dismiss this appeal for want of jurisdiction.  Appellant James Patterson has
not filed a response.

The trial court signed the underlying judgment
on September 27, 2005.  Appellant’s motion for new trial was filed on October
26, 2005 and was overruled by operation of law 75 days after the judgment was
signed—on December 11, 2005.  See Tex.
R. Civ. P. 329b(c).  If any party timely files a motion for new trial,
the notice of appeal must be filed within ninety days after the judgment or
order is signed.  See Tex. R.
App. P. 26.1(a).  The deadline for the filing of Appellant’s notice of
appeal was December 26, 2005.  Appellant’s notice of appeal was filed on
February 2, 2006.  It thus was untimely to invoke our jurisdiction.  See id.

The motion
to dismiss is granted.  This appeal is dismissed for want of jurisdiction.

 

PER CURIAM

 

 

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

Appeal
dismissed

Opinion
delivered and filed May 17, 2006

Do not publish

[CV06]






s', serif">M E M O R A N D U M O P I N I O N
                                                                                                                

      The issue in this forcible-entry-and-detainer appeal is possession of an apartment. After
trial, the justice court awarded possession to the tenant, Wayne Coughran, and the apartment
owner, Saddle Brook, appealed to the county court at law. After a bench trial, the county
court at law awarded possession to Saddle Brook and taxed Coughran $310 in costs and $1,500
in attorney’s fees.
      In two issues, Coughran broadly asserts that the findings of fact and conclusions of law
“are not supported by the evidence.” In a third he contends that the court should have found
that Saddle Brook was bound by a lease agreement he signed (the “renewal lease”). In a
fourth issue, he contends that Saddle Brook was estopped to assert the invalidity of the renewal
lease. Although we confess to some difficulty in understanding his approach to these issues,
taken together they make clear that Coughran’s complaint is: the renewal lease was valid and
should have controlled the rental rate he was charged, and the court erred in determining
otherwise. Saddle Brook responds that the court correctly determined that the holdover
provision of an earlier lease controls the rights of the parties.
      We initially inquired of the parties whether this cause became moot when Coughran
vacated the apartment. We have concluded that it is not moot. Pinnacle Gas Treating, Inc. v.
Read, 104 S.W.3d 544, 545–46 (Tex. 2003).
The Lease
      Coughran had a lease (the “original lease”) with Saddle Brook prior to December 31,
2000, which expired by its terms on that date, at a monthly rental of $690. On September 5,
2000, Saddle Brook, acting through its manager, Trish McLean, notified Coughran in writing
that the original lease was about to expire. It offered a renewal for one year at $730 per month
or six months at $780 per month, pointing out that in the absence of a renewal the terms of the
original lease would continue on a “month-to-month” basis at $995 per month.
      McLean prepared the renewal lease and submitted it to Coughran, who signed it but
modified it by adding the word “ambiguous” by one provision and the words “contradictory”
and “ambiguous” to the page containing an “Addendum to Lease Contract.” On December
29, 2000, McLean notified Coughran that the renewal lease was not acceptable to Saddle
Brook because it had been altered. She gave him until January 7, 2001, to sign a new lease to
avoid the month-to-month rental amount under the holdover provision of the original lease. He
did not respond. On January 10, she notified him that the month-to-month rate had taken
effect and that he was delinquent in the rent for January. Another Saddle Brook employee,
Annie Gibbs, delivered a notice to vacate to Coughran. 
      Coughran, however, says that he paid $480 ($730 under a one-year term less a “discount
coupon” of $250) when he signed the renewal lease on December 26, 2000. He says Saddle
Brook honored the coupon—which had expired, cashed his check for $480, and on December
27 requested that he initial a paragraph of the agreement he had overlooked. Thus, Coughran
contends, the renewal lease bound Saddle Brook to accept $730 as the new rate of rent
beginning January 1, 2001.
      Saddle Brook says the original lease expired by its own terms on December 31, 2001, its
manager gave Coughran notice to vacate more than thirty days prior to expiration—as required
by that lease, and it never signed the renewal lease. Coughran never tendered $995 in monthly
rent to Saddle Brook after January 1, 2001, and he was provided an opportunity to sign a
renewal lease that did not contain the alterations. Thus, Saddle Brook contends, the court
correctly awarded it possession of the apartment because Coughran was delinquent in the
payment of rent under the month-to-month provision of the original lease.
Was the Renewal Lease Valid?
      Coughran’s issues all revolve around his contention that the renewal lease was binding on
Saddle Brook, even though it never signed the document. He asserts that the court’s findings
and conclusions are “not supported by the evidence.” After making extensive findings that
support the judgment, the court declined to adopt proposed findings submitted by Coughran
that would support a conclusion that the renewal lease was binding. This refusal forms the
essence of his argument on appeal, because absent an effective renewal lease, the holdover
provisions of the original lease bound him to pay $995 per month. Thus, we will address all
of his contentions while noting that the burden of establishing the validity of the renewal lease
was his.
      Findings of fact entered in a case tried to the bench have the same force and dignity as a
jury's answers to jury questions. See Anderson v. City of Seven Points, 806 S.W.2d 791, 794
(Tex. 1991). In evaluating a claim regarding sufficiency of the evidence, the same standard is
used for a bench trial as for a jury trial. Hitzelberger v. Samedan Oil Corp., 948 S.W.2d 497,
503 (Tex. App.—Waco 1997, pet. denied) (citing Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex.
1996)).
      Because Coughran is attacking a refusal to find facts on which he had the burden of proof,
we will treat the “no-evidence” issues as asserting that the facts were established as a matter of
law. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989); see also Croucher
v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983). When a court refuses to find facts that the party
having the burden of proof contends were conclusively established, i.e., the finding was
established as a matter of law, the reviewing court must first examine the record for evidence
that supports the refusal to find, while ignoring all evidence to the contrary. See Sterner, 767
S.W.2d at 690; Holley v. Watts, 629 S.W.2d 694, 696 (Tex. 1982). If we find evidence that
supports the negative answer, the inquiry ends; but if we find no evidence to support the
answer, then the entire record must be examined to determine if the contrary proposition is
established as a matter of law. See id. If so, the issue will be sustained.
      If that party raises a "contrary to the great weight and preponderance of the evidence"
issue, i.e., asserts that the failure to affirmatively find is contrary to the evidence, the
reviewing court must sustain the failure to find unless, considering all the evidence, that failure
is contrary to the great weight and preponderance of the evidence. Ames v. Ames, 776 S.W.2d
154, 158 (Tex. 1989) (citing Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646, 651 (Tex.
1988)).
      As Saddle Brook points out, there is evidence that McLean had no authority to accept a
modified lease agreement, that modifications had to be approved by Saddle Brook’s Dallas
office, and that Coughran knew it. He was advised prior to the expiration date of the original
lease that the renewal lease was not in acceptable form. He was given until January 7 to sign
an unmodified version of the renewal lease. We find evidence to support the court’s failure to
make Coughran’s proposed findings, which would have led to the conclusion that the renewal
lease was binding on Saddle Brook. Finding evidence that supports the refusal to find, the
inquiry ends and the “no-evidence” issue fails. See Sterner, 767 S.W.2d at 690; Holley, 629
S.W.2d at 696. Considering all of the evidence, we do not believe that the failure to find is
contrary to the great weight and preponderance of the evidence. Ames, 776 S.W.2d at 158.
      In issue three, Coughran specifically contends that, because Saddle Brook accepted
benefits under the renewal lease when it honored the coupon and cashed his $480 check, it
became bound by that lease. He cites Orgain v. Butler, a landlord-tenant dispute, in support of
this proposition. Orgain v. Butler, 478 S.W.2d 610 (Tex. App.—Austin 1972, no writ). He
tendered a finding of fact to the trial judge, which was rejected. Applying the same standards
outlined above, we do not believe that he conclusively proved that Saddle Brook acquiesced in
the terms of the renewal lease, particularly in light of the fact that it notified him of its non-acceptance prior to the effective date of the renewal lease. See Sterner, 767 S.W.2d at 690. 
Nor do we find that the court’s refusal to find an acceptance of benefits to be against the great
weight and preponderance of the evidence. Ames, 776 S.W.2d at 158.
      In a final issue, Coughran specially contends that under Theriot v. Smith, Saddle Brook
should be estopped to deny the validity of the renewal lease because its acts, representations,
or silence caused him to believe that the renewal lease was in effect. Theriot v. Smith, 263
S.W.2d 181 (Tex. Civ. App.—Waco 1953, writ dism’d). To establish an estoppel, he relies
on the same acceptance of benefits under the renewal lease and a further claim that McLean
was silent when she could have informed him that the lease was not acceptable. Theriot
essentially holds that the facts presented were sufficient for the case to be presented to a jury
and the court erred in rendering a take-nothing judgment. Id. Here, the fact finder refused to
find that Saddle Brook accepted a benefit under the renewal lease or that McLean failed to
inform Coughran on two occasions that the lease was not final until accepted by someone other
than herself. Again applying the standards outlined above, we do not believe that the evidence
conclusively establishes those facts or that the court’s refusal to find those facts was against the
great weight and preponderance of the evidence. Sterner, 767 S.W.2d at 690; Ames, 776
S.W.2d at 158.
      We overrule all of Coughran’s issues.
 

Conclusion
      We affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and 
      Justice Reyna



      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed February 18, 2004

[CV06 ]