Ethel Stone LEVY, Appellant,

v.

SECURITIES & EXCHANGE COMMISSION et al., Appellees.

No. 26298.

United States Court of Appeals
Fifth Circuit.

Dec. 3, 1968.

Rehearing Denied March 14, 1969.

---

1. 65 LRRM 1729.

2. 29 U.S.C. Sec. 151 et seq.

Ethel Stone Levy, pro se.

William A. Meadows, U. S. Atty., Alfred E. Sapp, Asst. U. S. Atty., Earl Faircloth, Atty. Gen. of Florida, Miami, Fla., for appellees.

Before TUTTLE and AINSWORTH, Circuit Judges, and MITCHELL, District Judge.

TUTTLE, Circuit Judge:

The appellant, *pro se,* has filed an appeal from an order of the trial court revoking an earlier order of dismissal for failure to allege a state of facts on which relief could be granted, and allowing appellant the right to file an amendment within 60 days, through an attorney only, and not *pro se.*

Two things stand out in the effort made here by Mrs. Levy. The first is that she is suffering under a strong conviction that she has been badly treated by certain stock brokers or dealers whose manipulations, she claims, have deprived her of her money and destroyed her peace of mind as well. The second is that she is equally convinced that agencies of the United States and/or the State of Florida have done her actionable wrong in not protecting her interests.

The trial court, after initially dismissing Mrs. Levy's complaint *sua sponte,* and without a hearing, later, on March 5, 1968, entered the subsequent order from which she seeks to appeal:

"(a) The plaintiff, Ethel Stone Levy, shall have sixty days from the date hereof in which to file an amended complaint. Such pleading shall be filed through counsel and not in her own proper person.

"(b) The plaintiff shall without delay make an appointment with Mr. Bruce Rogow of the Office of Economic Opportunity, 395 N.W. First Street, Miami, Florida, and confer with him at a mutually convenient time taking with her all of the documentary evidence bearing on her claim.

"(c) The plaintiff shall not again personally contact this Court with respect to her claim but may do so through counsel under the rules of Court."

At plaintiff's request, and because her claim was not one which the Economic Opportunity Legal Services Program was able to undertake, Bruce Rogow was permitted to withdraw as counsel of record. She asserts that she is unable to obtain counsel to handle her case, and, on May 28, 1968, obtained leave to file this appeal in forma pauperis.

Although we find it difficult to ascertain what claim Mrs. Levy might be able to allege by amendment, the trial court

granted her this permission, conditioned, however, upon her acting through counsel.

 This is not an appealable order, since no final judgment has been entered in the case. The appeal must, therefore, be dismissed. However, since the prohibition against Mrs. Levy's acting for herself is in conflict with the inherent right of a party to act for himself without counsel, see 28 U.S.C.A. § 1654,[1] we think it appropriate to state that a new period of 60 days should be allowed to her to file an amendment.

The appeal is dismissed.

1. "In all courts of the United States, the parties may plead and conduct their own cases personally or by counsel."