United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 27, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-50601
Summary Calendar

ANNIE MAE JONES BUSH; JAMES HOOVER BUSH; SABRENA A. TODD;
LATENZA M. LAWRENCE; CHARLES EARL BUSH,

Plaintiffs-Appellees,

versus

TIMOTHY B. KEITH, Etc.; ET AL,

Defendants,

ATIF RAHI, Individually and in his Official Capacity,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas, San Antonio
(5:03-CV-151)

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

Dr. Atif Rahi appeals the district court's interlocutory order granting plaintiffs leave to file a third amended complaint and rejecting, in part, the magistrate judge's report and recommendation to dismiss the claims against Dr. Rahi, in his individual capacity, for deliberate indifference to Mark Anthony Bush's serious medical condition. Dr. Rahi contends: the *third*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*amended complaint* did not allege sufficient facts to establish a claim under 42 U.S.C. § 1983; and he is entitled to qualified immunity.

We must, of course, consider the basis for our jurisdiction. ***Jackson v. City of Atlanta*,*TX***, 73 F.3d 60, 62 (5th Cir.), *cert. denied*, 519 U.S. 818 (1996). In general, we have jurisdiction of "appeals from all final decisions of the district courts". 28 U.S.C. § 1291. The denial of a claim of qualified immunity is an appealable final decision, provided that denial is based on a purely legal issue. ***Jackson***, 73 F.3d at 62-63.

The interlocutory order granted plaintiffs leave to file a third amended complaint. It did not discuss Dr. Rahi's qualified immunity claims; it declined to adopt the magistrate judge's recommendation for dismissal of individual-capacity claims against Dr. Rahi based only on the grant of leave to amend. Of course, an order granting leave to amend is not appealable. *See **Levy v. Securities & Exchange Comm'n***, 405 F.2d 484, 485-86 (5th Cir. 1968); *see also **Reed v. National Old Line Ins. Co.***, 239 F.2d 594, 596 (5th Cir. 1956). And, as stated, Dr. Rahi contests the allegations in the third amended complaint, for which qualified immunity has not been requested from the district court. In sum, we lack jurisdiction.

*DISMISSED*

2