# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2016

Lyle W. Cayce
Clerk

RICHARD B. WOLF; MARCIA A. WOLF,

Plaintiffs-Appellants

v.

BANK OF AMERICA NATIONAL ASSOCIATION; MARVIN BLANKENSHIP, Manager, Bank of America, N.A.; KIANIE KING, CRM, Bank of American, N.A.; JIMMY WIDDLE, Complaints Manager, Bank of America, N.A.; PHIL GONZALEZ, VP Home Retention, Bank of America, N.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-212

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marcia A. and Richard B. Wolf (hereinafter "the Wolfs") filed a civil complaint against the Bank of America, N.A. (BOA) and several of its employees. The complaint arises from the Wolfs' attempt to refinance their residence. The parties consented to proceed before the magistrate judge. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41227

BOA moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief.

In granting the motion to dismiss, the magistrate judge noted that the Wolfs raised no specific causes of action but addressed their allegations as claims of fraud, breach of contract, violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), and violation of the Fair Housing Act (FHA).  The Wolfs' pro se brief, as all of their other pleadings, is rambling and disjointed.  Liberally construed, the Wolfs challenge the dismissal for failure to state a claim of the fraud, breach-of-contract, RICO, and FHA based causes of action.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A complaint fails to state a claim upon which relief can be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *see Coleman v. Sweetin*, 745 F.3d 756, 763 (5th Cir. 2014).  All well-pleaded facts are viewed in a light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In a diversity action, the substantive law of the forum state applies. *Mills v. Davis Oil Co.*, 11 F.3d 1298, 1304 (5th Cir. 1994).  Fraud under Texas law is a "material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury."  *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).  The Wolfs' claim that the BOA did not produce the original note did not allege a material misrepresentation because Texas law does not require that the original note be produced in order to foreclose.

No. 14-41227

*See Martins v. BAC Home Loans Serv., L.P.*, 722 F.3d 249, 253 (5th Cir. 2013). The Wolfs' argument that the note and deed of trust were been impermissibly "split" is likewise without merit. *See id.* at 255. Additionally, the Wolfs do not assert that they did not sign the original note. The Wolfs also argue that the securitization of the note was a fraudulent act that rendered the original note unenforceable. There is no support under Texas law for the proposition that the securitization of a note renders the note unenforceable. *Warren v. Bank of America, N.A.*, 566 F. App'x 379, 383 (5th Cir. 2014); *Martins*, 722 F.3d at 254-55.

Under Texas law, a breach of contract claim requires: "(1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach." *Frost Nat'l Bank v. Burge*, 29 S.W.3d 580, 593 (Tex. App. 2000). The Wolfs have not alleged that any specific contractual clause was breached or that they were damaged in any way by the allegedly improper assignment and securitization of the note.

Claims under RICO, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (quoting *Word of Faith World Outreach Ctr. Church, Inc. v. Sawyer*, 90 F.3d 118, 122 (5th Cir.1996)). The Wolfs have failed to allege any facts indicating that the BOA was associated with anyone to form an enterprise under RICO. Their allegations on this point are baseless.

Under the FHA, it is unlawful to discriminate in the sale or rental of housing against any person based on race, color, religion, sex, handicap, familial status, or national origin. 42 U.S.C. § 3604. To allege a violation of

3

No. 14-41227

the FHA the Wolfs must have alleged discriminatory intent or a significant discriminatory effect. *See Simms v. First Gibraltar Bank*, 83 F.3d 1546, 1555 (5th Cir. 1996). The Wolfs have failed to make such an allegation.

The Wolfs do not argue that the magistrate judge failed to address any of the claims presented in the district court. To the extent that they are attempting to raise new issues in their brief, claims raised for the first time on appeal will not be considered. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

The Wolfs have filed a motion for summary judgment in this court. The motion is DENIED. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994) (addressing meaningless motion filed in the district court).

AFFIRMED; MOTION DENIED.