# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10711
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2018

Lyle W. Cayce
Clerk

JOHNNY HORTTOR,

Plaintiff-Appellant

v.

BRAD LIVINGSTON, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE; BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE; L. GONZALES, Warden; IN YANG
WILSON, Physician's Assistant,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:16-CV-214

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Johnny Horttor, Texas prisoner # 2042196, filed a pro se complaint under
42 U.S.C. § 1983 alleging that he suffered deliberate indifference to his medical
needs. He appeals the order of the magistrate judge (MJ) denying his motion
to reconsider the denial of appointment of counsel and directing him to file an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

amended complaint that would supersede his earlier pleadings.    Horttor contends that the court abused its discretion in denying appointed counsel, ordering the filing of the amended complaint, and failing to review and to hold a hearing on Horttor's motion for a preliminary injunction.

"Generally, this court's jurisdiction is limited to review of the district courts' final orders, qualified interlocutory orders, and collateral orders." *Goodman v. Harris Cty.*, 443 F.3d 464, 467 (5th Cir. 2006); *see* 28 U.S.C. § 1291; 28 U.S.C. § 1292.  An order denying the appointment of counsel in a civil rights action is immediately appealable.  *Robbins v. Maggio*, 750 F.2d 405, 413 (5th Cir. 1985).

Appointment of counsel for an indigent plaintiff in a civil rights case is not required unless the case presents exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  In this case, the court did not abuse its discretion in denying the appointment of counsel without prejudice on the ground that screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A was not yet completed.  *See id.*  Accordingly, we affirm the denial of the appointment of counsel, but note that the required screening should be conducted as soon as possible.

The order directing Horttor to a file an amended complaint is not an immediately appealable order.  *See Levy v. Sec. & Exch. Comm'n*, 405 F.2d 484, 486 (5th Cir. 1968); *see also Reedom v. Mosley*, No. 94-11097, 51 F.3d 1041, 1995 WL 152857, at *1 (5th Cir. 1995) (unpublished); 5TH CIR. R. 47.5.3.  We therefore dismiss Horttor's challenge to that order for lack of jurisdiction.

To the extent Horttor's argument that the MJ failed to review his motion for a preliminary injunction is a challenge to the MJ's order to stay the proceedings pending this appeal, we also lack jurisdiction to review the stay order.  A timely "notice of appeal in a civil case is a jurisdictional requirement."

No. 17-10711

*Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Horttor's notice of appeal was filed before the stay order was issued and therefore is inapplicable to the stay order. *See Fiess v. State Farm Lloyds*, 392 F.3d 802, 806 (5th Cir. 2004).

Although Horttor's argument that the court failed to review his motion for a preliminary injunction may be liberally construed as a petition for a writ of mandamus, mandamus relief is available only in "exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion." *Grace v. Vannoy*, 826 F.3d 813, 821 n.8 (5th Cir. 2016) (internal quotation marks and citation omitted).  Horttor's case does not present such circumstances, and we thus deny mandamus relief to the extent Horttor seeks it.

Horttor has also filed motions in this court for the appointment of counsel, a temporary restraining order and preliminary injunction, and summary judgment.  We deny the motions.  Horttor has not shown that exceptional circumstances exist warranting the appointment of counsel on appeal, *see Ulmer*, 691 F.2d at 213, or injunctive relief by this court in the first instance, *see Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009); *Greene v. Fair*, 314 F.2d 200, 202 (5th Cir. 1963).

Horttor's remaining motion seeks summary judgment granting immediate medical treatment and damages or, alternatively, a certificate of appealability to allow review of this case by the United States Supreme Court. We do not have authority to consider a motion for summary judgment brought in this court in the first instance.  *Cf., Wolf v. Bank of Am. Nat. Ass'n*, 630 F. App'x 354, 356 (5th Cir. 2016) ("claims raised for the first time on appeal will not be considered").  Further, review of this case by the Supreme Court requires a writ of certiorari that only the Supreme Court can grant, and a

3

certificate of appealability is not otherwise applicable to a § 1983 action. *See* 28 U.S.C. § 2253(c).  Accordingly, we deny both motions.

The appeal is DISMISSED IN PART for lack of jurisdiction and AFFIRMED IN PART; a writ of mandamus is DENIED; and Horttor's motions for the appointment of counsel, a temporary restraining order and preliminary injunction, and summary judgment are DENIED.